EXHIBIT A

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
07/09/2019  1:54PM
BY: TFREY
DEPUTY

Douglas R. Zanes, Esq. (ASB #018195 / PCC # 65253)
Rory B. Riley, Esq. (ASB #032933)
**DOUG ZANES & ASSOCIATES, PLLC**
4850 E. Grant Road
Tucson Arizona 85712
Tel: (520) 881-9311
Emails: litigation@zaneslaw.com

*Attorneys for Plaintiff*

Case No.: P1300CV201900599
HON. JOHN NAPPER

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| DAVID ALEXANDER, individually,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>GURM TRANSPORT, INC., a forgein corporation; GURSEWAK S. SINGH and JANE DOE SINGH, husband and wife; ABC PARTNERSHIPS I-X; XYZ CORPORATIONS I-X; JOHN DOES I-X and JANE DOES I-X,<br><br>　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br>**(TORT-MOTOR VEHICLE)** |

COMES NOW the Plaintiff, David Alexander, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, complaining of the Defendants, and in support thereof, states as follows:

### I. JURISDICTION, VENUE & PARTIES

1. Plaintiff, David Alexander, was and is a resident of Las Vegas, Nevada, and the cause of action on which this Complaint is based occurred in Yavapai County, Arizona.

2. Upon information and belief, Defendant Gurm Transport, Inc. (hereinafter referred to as "Defendant Gurm Transport"), is a freight shipping company and a foreign

corporation whose principal location is and/or was 221 Monet Drive. Oakley, CA 94561 at the time of the collision and whose motor vehicle was lawfully, knowingly, and willfully operating on the streets, highways and byways of Yavapai County, Arizona.

3. Upon information and belief, Defendant Gurm Transport, Inc.'s employee was the lawful operator of the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485, towing a white 2017 Wabash Trailer.

4. Upon information and belief, Defendant Gurm Transport, Inc., was and were lawful owners and/or registered owner of the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485, towing a white 2017 Wabash Trailer.

5. Upon information and belief, Defendant Gurm Transport, Inc., controlled the use of the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485, towing a white 2017 Wabash Trailer.

6. Upon information and belief, Defendant Gurm Transport, Inc., maintained the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485, towing a white 2017 Wabash Trailer.

7. Upon information and belief, Defendant Gurm Transport, Inc managed the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485, towing a white 2017 Wabash Trailer.

8. Upon information and belief, Defendant Gursewak S. Singh (hereinafter referred to as "Defendant Singh"), was employed by and acting on behalf of, and for the benefit of, Defendant Gurm Transport, Inc

9. Upon information and belief, Defendants Gursewak S. Singh and Jane Doe SINGH are residents and reside in the State of California.

10. Upon information and belief, at the time of said collision, Defendants GURSEWAK S. SINGH and Jane Doe SINGH are and were acting for and on behalf of thier marital community.

11. Upon information and belief, Defendants ABC PARTNERSHIPS I-X, XYZ CORPORATIONS I-X, JOHN DOES I-X AND JANE DOES I-X are fictitious entities which may have an interest herein. At such time as the identity of any such Defendant becomes known to Plaintiff, Plaintiff will amend the Complaint to reflect such identity. Additionally, any non-party designated by a Defendant is to be considered a fictitiously named Defendant herein.

12. Venue is proper in Pima County because the facts giving rise to the cause of action occurred in Yavapai County, Arizona.

13. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

## II. GENERAL ALLEGATIONS

14. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 14 of this Complaint as fully set forth herein.

15. This case arises from a motor vehicle collision involving two (2) vehicles that occurred on January 11, 2018 on Interstate 40 and Mile Post 138 in Yavapai County, Arizona.

16. On January 11, 2018, Defendant Gurm Transport, Inc was and were the lawful owner(s) and/or registered owner(s) of the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485 and the white 2017 Wabash Trailer.

17. On September 17, 2017, Defendant Gursewak S. Singh was operating the 2014 Freightliner Tractor Towing bearing California License Plate Number XP07139 with VIN Number 3AKJGLD59ESFS4485 and the white 2017 Wabash Trailer and was an employee of Defendant Gurm Transport, Inc.

18. On January 11, 2018, Plaintiff was a restrained driver traveling westbound in lane No. 2 on Interstate 40 approaching Milepost 138 in Yavapai County, Arizona. At the same date and time, Defendant Gursewak S. Singh was traveling directly behind Plaintiff's vehicle when he failed to control the speed of his vehicle and collided with Plaintiff's vehicle with great force and violence.

19. Defendant's operated his vehicle heedlessly, recklessly, and without regard to the consequences or the safety of others.

20. On January 11, 2018, Defendant operated his vehicle in a willful and wanton manner without regard to the consequences or the safety of others.

21. As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiff.

22. As a proximate result of Defendants' negligence, careless and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

23. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

### III. COUNT ONE
**(Negligence - Defendant Gursewak S. Singh)**

24. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 23 of this Complaint as fully set forth herein.

25. Defendant owed a duty to the Plaintiff to operate his motor vehicle in a proper manner.

26. Defendant breached his duty of care by driving reckless and negligently.

27. As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiff.

28. As a proximate result of Defendants' negligence, careless and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

29. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

### IV. COUNT TWO
(*Negligence Per Se* - **Defendant Gursewak S. Singh**)

30. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 29 of this Complaint as fully set forth herein.

31. The Defendant's negligence includes, but is not limited to, the following facts or omissions:

(a) Defendant drove his vehicle in an unsafe and unreasonable manner; Defendant failed to control the speed of his vehicle and collided into Plaintiff's vehicle.

(b) Defendant failed to exercise ordinary care to prevent injury to Plaintiff;

(c) Defendant failed to keep his vehicle under control, so as to avoid striking other vehicles;

(d) Defendant failed to keep a proper lookout for vehicles to the front and the sides;

(e) Defendant failed to make timely and proper application of his brakes;

(f) Defendant drove his vehicle in reckless disregard for the safety of the persons and/or property of others;

(i) A.R.S. §28-701 and A.R.S. §28-730 are statutes intended for the safety of motorists on the roadway. Defendant breached his statutory duty by failing to control the speed of his vehicle, proceeded to follow Plaintiff's vehicle more closely than is reasonable and

prudent as to constitute an immediate hazard with disregard of Plaintiff's or other motorist safety, violating A.R.S. §28-701 and A.R.S. §28-730, and is *negligence per se*.

32. As a proximate result of Defendants' negligence, carelessness and reckless driving, Defendant caused the collision with the Plaintiff.

33. As a proximate result of Defendants' negligence, careless and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

34. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

## V. COUNT THREE
**(Negligent Entrustment – Defendant Gurm Transport, Inc)**

35. Plaintiff repeats and reallege each and every allegation as set forth in Paragraphs 1 through 34 above and incorporate same by reference as though fully set forth at length herein.

36. Defendant Gurm Transport, Inc. owed a duty to the Plaintiff to hire agents who would operate its vehicle and/or its equipment in a safe and proper manner in accordance with the law, regulations and/or industry standards.

37. Defendant Gursewak S. Singh was employed by Defendant Gurm Transport, Inc. at the time of the accident. The aforementioned acts described herein were committed within the scope of his employment with Defendant Gurm Transport, Inc

38. Defendant Gurm Transport, Inc. knew, had reason to know, or should have known, that Defendant Gursewak S. Singh had a record of dangerous, reckless, or incompetent driving.

39. Defendant Gurm Transport, Inc knew, had reason to know, or should have known, that Defendant Gursewak S. Singh's use of a vehicle would risk physical harm to others.

40. Defendant Gurm Transport, Inc, failed to properly investigate Defendant Gursewak S. Singh 's driving history and made insufficient efforts to investigate whether or not Defendant Gursewak S. Singh was a safe, fit, and competent driver.

41. Defendant Gurm Transport, Inc breached its statutory duty to operate a vehicle and/or its equipment in a proper manner by entrusting its vehicle to an incompetent, inexperienced or reckless driver, Restatement (Second) of Torts § 390 (1965).

42. Defendant Gurm Transport, Inc. is responsible for those negligent acts performed within the scope of Defendant Gursewak S. Singh 'S employment.

43. The negligence of Defendant Gurm Transport, Inc in hiring and/or retaining Defendant Gursewak S. Singh was a proximate cause of Plaintiff's injuries.

44. The negligence of Defendant Gurm Transport, Inc. in failing to adequately train Defendant Gursewak S. Singh was a proximate cause of Plaintiff's injuries.

45. Defendant Gurm Transport, Inc.'s breach of these statutory duties constitute negligent entrustment, negligent hiring and retention.

46. The actions and/or inactions of Defendant Gurm Transport, Inc., are the legal and proximate cause of Plaintiffs' damages.

47. The Plaintiffs have been damaged as a result of Defendant Gurm Transport, Inc.'s negligent entrustment of their vehicle to Defendant Gursewak S. Singh, an incompetent, inexperienced or reckless driver.

48. The Plaintiffs have been damaged as a result of Defendant Gurm Transport, Inc.'s negligent hiring and retention of Defendant Gursewak S. Singh in an amount to be proven at trial.

49. As a proximate result of Defendants' negligence, careless and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses, punitive and/or exemplary damages and miscellaneous expenses in amounts to be proven at trial.

50. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees and costs.

### VI.  COUNT FOUR
(*Respondeat Superior* – **Defendant Gurm Transport, Inc.**)

51. Plaintiff repeats and reallege each and every allegation as set forth in Paragraphs 1 through 50 above and incorprate same by reference as though fully set forth at length herein.

52. Upon information and belief, and at all times alleged herein, Defendant Lingam was an employee of Defendant Gurm Transport, Inc

53. Upon information and belief, and at all times alleged herein, Defendant Gursewak S. Singh was acting within the course and scope of his employment with Defendant Gurm Transport, Inc

54. Defendant Gursewak S. Singh breached his duty of care to this Plaintiff by driving negligently, causing injuries to this Plaintiff.

55. Defendant Gurm Transport, Inc., Inc. failed to properly train and/or supervise Defendant Gursewak S. Singh and is vicariously liable for the injuries and damages suffered by Plaintiffs as Defendant Gursewak S. Singh's employer.

56. That all of the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendants as follows:

    a. Plaintiff's past and future medical treatment and expenses.

    b. Plaintiff's loss of earnings and future loss of earning.

    c. Plaintiff's general damages in an amount to be proven at trial.

    d. For an amount which will reasonably compensate the Plaintiff for any permanent impairment, limitation, injuries, and/or disfigurement;

    e. Plaintiff 's pain and suffering, past and future;

    f. Plaintiff's loss of enjoyment of life and/or the capacity to live a full life;

    g. Plaintiff's special damages in an amount to be proven at trial.

    h. Plaintiff's Attorney fees and costs.

    i. Such other and further relief as the court deems just and proper.

**DATED** this 9th day of July 2019.

        **DOUG ZANES & ASSOCIATES, PLLC**

     By:  _/s/_ _Rory B. Riley_____
       Rory B. Riley, Esq.
       *Attorney for Plaintiff*

| Attorney or Party without Attorney:<br>ZANES LAW GROUP<br>DOUGLAS ZANES (018195)<br>4222 E. THOMAS ROAD<br>PHOENIX , AZ 85018<br>Telephone No: 520-382-5452 | | | | For Court Use Only<br><br>ORIGINAL FILED THIS<br>DAY OF ___ JUL 26 2019<br>DONNA McQUALITY<br>Clerk of Superior Court<br>By: ___ M. MONTIEL ___<br>Deputy |
|---|---|---|---|---|
| Attorney For: Plaintiff | | Ref. No. or File No.: 214738 ALEXANDER | | |
| Insert name of Court, and Judicial District and Branch Court:<br>YAVAPAI COUNTY SUPERIOR | | | | |
| Plaintiff: DAVID ALEXANDER; ET AL<br>Defendant: GURM TRANSPORT, INC; ET AL | | | | |
| CERTIFICATE OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>P1300CV201900599 |

1. *At the time of service I was at least 21 years of age and not a party to this action.*

2. I served copies of the
   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;

3. a. Party served:    GURM TRANSPORT, INC.
   b. Person served:   JOHN DOE, OWNER
                       -REFUSED TO STATE HIS TRUE FULL NAME

4. *Address where the party was served:*    221 Monet Dr, Oakley, CA 94561

5. *I served the party:*
   a. by substituted service.   On: Tue, Jul 23 2019 at: 08:11 PM by leaving the copies with or in the presence of:
      JOHN DOE, OWNER , Caucasian , Male , Age: 50 , Hair: Gray , Eyes: Brown , Height: 5'8" , Weight: 250 .

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

   Service: $69.00, Mileage: $0.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $79.00

   I Declare under penalty of perjury under the laws of the State of
   CALIFORNIA that the foregoing is true and correct.

6. Person Executing:
   a. Allan Mendieta 2011-0001018, San Francisco
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

   07/24/2019
   (Date)                                             (Signature)

CERTIFICATE OF SERVICE



*3585292 (10364566)*

| Attorney or Party without Attorney:<br>ZANES LAW GROUP<br>DOUGLAS ZANES (018195)<br>4222 E. THOMAS ROAD<br>PHOENIX , AZ 85018<br>Telephone No: 520-382-5452 | | | | **For Court Use Only** |
|---|---|---|---|---|
| Attorney For: Plaintiff | | Ref. No. or File No.: 214738 ALEXANDER | | |
| Insert name of Court, and Judicial District and Branch Court:<br>YAVAPAI COUNTY SUPERIOR | | | | |
| Plaintiff: DAVID ALEXANDER; ET AL<br>Defendant: GURM TRANSPORT, INC; ET AL | | | | |
| CERTIFICATE OF DUE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>P1300CV201900599 |

1. I, Justin Filer , being retained by FIRST LEGAL am and was on the dates mentioned herein over the age of twenty one years and not a party to this action. I attempted to Personally Serve Defendant JANE DOE SINGH as follows:

2. Documents
   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;

| Attempt Detail |
|---|
| 1) Unsuccessful Attempt by: Justin Filer (PS-545, San Joaquin County) on: Jul 23, 2019, 5:43 pm PDT at 16491 Upper Pasture, Lathrop, CA 95330<br>Per john and jane doe(middle eastern male 30s 6' black hair tatto on arm 180lbs, middle eastern female 5'5" black hair 60s 160lbs) no one by the name Gursewak Singh/Jane doe Singh lives at address |

Service: $30.00, Mileage: $0.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $40.00

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3. Person Executing:
   a. Justin Filer (PS-545, San Joaquin County)
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

07/30/2019
(Date)                                (Signature)

CERTIFICATE OF DUE DILIGENCE



3585324 (10364586)

| Attorney or Party without Attorney:<br>ZANES LAW GROUP<br>DOUGLAS ZANES (018195)<br>4222 E. THOMAS ROAD<br>PHOENIX , AZ 85018 | | | | **For Court Use Only** |
|---|---|---|---|---|
| Telephone No: 520-382-5452 | | | | |
| Attorney For: Plaintiff | Ref. No. or File No.: 214738 ALEXANDER | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>YAVAPAI COUNTY SUPERIOR | | | | |
| Plaintiff: DAVID ALEXANDER; ET AL<br>Defendant: GURM TRANSPORT, INC; ET AL | | | | |
| CERTIFICATE OF DUE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>P1300CV201900599 |

1. I, Justin Filer , being retained by FIRST LEGAL am and was on the dates mentioned herein over the age of twenty one years and not a party to this action. I attempted to Personally Serve Defendant GURSEWAK S SINGH as follows:

2. Documents
   SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION;

| Attempt Detail |
|---|
| 1) Unsuccessful Attempt by: Justin Filer (PS-545, San Joaquin County) on: Jul 23, 2019, 5:43 pm PDT at 16491 Upper Pasture, Lathrop, CA 95330<br>Per john and jane doe(middle eastern male 30s 6' black hair tatto on arm 180lbs, middle eastern female 5'5" black hair 60s 160lbs) no one by the name Gursewak Singh/Jane doe Singh lives at address. |

Service: $69.00, Mileage: $0.00, Affidavit: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $79.00

I Declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3. Person Executing:
   a. Justin Filer (PS-545, San Joaquin County)
   b. FIRST LEGAL
      3737 North 7th. Street Suite 209
      PHOENIX, AZ 85014
   c. (602) 248-9700

07/30/2019
(Date)                           (Signature)

CERTIFICATE OF DUE DILIGENCE



3585312 (10364584)