**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alexander,<br><br>    Plaintiff,<br><br>v.<br><br>Gurm Transport Incorporated, et al.,<br><br>    Defendants,<br><br>and<br><br>United Specialty Insurance Company,<br><br>    Intervenor. | No. CV-19-08249-PCT-GMS<br><br>**ORDER** |

Pending before the Court is United Specialty Insurance Company ("Intervenor")'s Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) (Doc. 12) and Answer/Motion to Dismiss in Intervention (Doc. 12 at 5). The Motion to Intervene is granted and Intervenor is directed to file its Answer on Behalf of Defendant Gursewak S. Singh.

## BACKGROUND

Plaintiff David Alexander ("Plaintiff") alleges that on January 11, 2018, he was involved in an automobile accident with Defendant Singh. At that time, and currently, Defendant Singh's employer, Defendant Gurm Transport, Inc. ("Defendant Gurm"), had liability insurance through Intervenor, including coverage for Defendant Singh's vehicle. On July 9, 2019, Plaintiff filed a complaint in Arizona state court alleging, among other claims, that Defendants Gurm and Singh negligently caused his injuries. The case was

removed to this Court on August 22, 2019. This motion followed on November 12, 2019.

**DISCUSSION**

**I.  Analysis**

  **A.  Motion to Intervene**

To intervene as of right under Rule 24(a), a person or entity must show 1) that its application for intervention is timely, 2) that it has a significantly protectable interest relating to property or transaction that is the subject of the action, 3) that the disposition may impair or impede its ability to protect that interest, and 4) that its interest is not adequately represented by the existing parties before the Court. *Southwest Center for Biological Diversity v. Berg*, 286 F.3d 810, 817-18 (9th Cir. 2001). In this case, all the requirements for intervention as of right are met. Intervenor's motion was timely because it was filed early in the case, there has been no delay in filing the motion, and no prejudice or delay is apparent from permitting intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) ("Determination of the timeliness of a motion to intervene depends upon (1) the stage of the proceeding, (2) the prejudice to other parties, and (3) the reason for and length of the delay.") (internal quotations omitted). As to the other requirements under Rule 24(a), Arizona courts analyzing the same requirements under Ariz. R. Civ. P. 24(a) have repeatedly recognized that, because collateral estoppel generally will apply, insurance companies have the "requisite interest . . . to be entitled to intervention." *Mora v. Phoenix Indem. Ins. Co.*, 196 Ariz. 315, 318, 996 P.2d 116, 119 (Ct. App. 1999). Finally, none of the other parties to the case have voiced opposition to intervention. *See* LRCiv 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). Intervenor's Motion to Intervene is granted. Intervenor is ordered to file its Answer on Behalf of Defendant Gursewak S. Singh.

**IT IS THEREFORE ORDERED** that United Specialty Insurance Company's Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) (Doc. 12) is **GRANTED**. All further

pleadings shall be captioned as referenced above.

**IT IS FURTHER ORDERED** that United Specialty Insurance Company is directed to file its Answer on Behalf of Defendant Gursewak S. Singh forthwith.

Dated this 9th day of December, 2019.

_____
G. Murray Snow
Chief United States District Judge